We have before us a motion by appellant that the cause be heard upon a record conforming to his directions to the Clerk, exclusive of the record tendered this Court by appellees.
The appellant-plaintiff, having suffered an adverse verdict, entered his appeal after motion for new trial had been denied.
By his directions, the record on appeal was to be limited to (1) amended declaration, (2) pleas, (3) partial transcript of trial proceedings, (4) final judgment, and (5) motion for new trial and recital of order denying this motion.
Appellees' directions to the Clerk requested that the record on appeal contain "the entire trial proceedings * * * save and except for the testimony of the following witnesses, to-wit; Ernest M. Briel, Max Feinstein and Daniel B. Hudson." Whereupon appellant filed objections as follows:
"Appellant objects to appellees' additional Directions To The Clerk and prays leave to prepare the transcript of record without reference thereto, or to any of the same, because:
"1. The matter sought to be included is not necessary to determine the appeal and would merely encumber the record.
"2. Compliance therewith would be unduly and oppressively expensive.
"3. Said directions are an attempt to evade the issue on appeal and are insufficient on their face."
And upon hearing upon the objections, pursuant to Supreme Court Rule 11(8) (c) the trial judge ruled:
"Ordered and adjudged as follows:
"(1) That the several objections be and they are herewith denied and overruled, and the appellees' additional directions to the Clerk are approved.
"(2) That the appellees are authorized to cause to be prepared a transcript including such testimony adduced and proceedings at the trial as they conceive necessary for the proper presentation of this case on appeal. * * *"
This prompts an examination of appellant's assignment of errors, which in effect are: *Page 53 
"1. The trial court erred in admitting testimony of the mental condition of Joseph Edell: to-wit, the court erred in its rulings and each of them, on objections made for the plaintiff during testimony by the witnesses Perper, Alexander and Kushner. (Ct. Reporter's Tr. pp. 1-4).
"2. The trial court erred in denying the plaintiff's Motion for a New Trial, because of the error(s) assigned above." (See ground 5 of motion. Tr. p. 10.)
The assignments are unusually informative, in that they are supported by a transcript reference to the subject matter to which they are addressed. References, if not contained in the assignment when filed, can well be supplied afterwards by parenthetical insertions in the transcript and brief, as was done in this instance. A charge of error may fail for want of information, when no reference is made and the subject matter is omitted.
The action is ex contractu, and Common Law Rule 27 requires that all matters which show the transaction to be void or voidable in point of law shall be specially pleaded. There seems to have been no such plea in this instance and it appears that the appellant's transcript is sufficient for the consideration of his assignments of error. The trial judge stated no conclusion of the pertinency of the record sought to be included by the appellee, and appellee has not shown the pertinency of such record.
Many transcriptions brought here contain much useless matter, which tends to conceal the material portion. Doubtless, in the abundance of caution, matter is often included which would otherwise be omitted. The judges and the attorneys should be encouraged in an effort to reduce the records on appeal, for reasons which are self-evident.
It seems, however, that since appellee has prepared and presented a transcript of the excluded matters it is appropriate that it be filed, in order that appellee upon hearing of the appeal be not deprived of an opportunity to demonstrate its materiality. The cause should be ordered docketed accordingly.